SAMUEL CRAIGHEAD AND OTHERS, AS EXECUTORS, ETC., OF SAMUEL N. PIKE, DECEASED, APPELLANTS, *v.* ROBERT PETERSON, RESPONDENT.

*Power of attorney — construction of.*

Defendant executed a power of attorney, by which he appointed one Packard his " true and lawful attorney for me and in my name, and place, and stead, to draw and indorse any check or checks, promissory note or notes on any bank in the city of New York, in which I have an account, and especially in the Irving National Bank of said city, and to do any and all matters and things connected with my account in said Irving National, or any other bank in said city which I myself might or could do," etc. *Held,* that Packard was not authorized thereby to draw or indorse any check or note, except such as were payable at a bank in which the defendant had an account.

APPEAL from a judgment in favor of the defendant entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought upon two promissory notes, made to the order of the plaintiffs' testator. The notes were made in the name of the defendant, though they were not signed by him personally but by his son-in-law Abiel R. Packard, who claimed to be acting under a power of attorney, signed by the defendant, of which the following is a copy :

"*Know all men by these presents,* that I, Robert Peterson, of the city, county and State of New York, have made, constituted and appointed, and by these presents do make, constitute and appoint Abiel R. Packard, of said city, my true and lawful attorney for me and in my name, place and stead, to draw and indorse any check or checks ∧ on any bank in the city of New York, in which I may
<sub>promissory note or notes</sub>
have an account, and especially in the Irving National Bank of said city, and to do any and all matters and things connected with my account in said Irving National, or any other bank in said city, which I myself might or could do, in relation to my deposit account with said Irving National, or any other bank, giving and granting unto

my said attorney full power and authority to do and perform all and every act and thing whatsoever, requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do or cause to be done by virtue hereof.

"In witness whereof, I have hereunto set my hand and seal the eighth day of October, in the year one thousand eight hundred and sixty-nine.

"ROBERT PETERSON. [L. S.]

"Sealed and delivered in the presence of }

" The words ' promissory note or notes ' first interlined. }

"JNO. S. PATTERSON."

The notes were both made payable at the Park National Bank of New York, at which bank defendant kept no account.

The plaintiffs endeavored to show that the defendant had adopted or ratified the act of Mr. Packard, by the execution of a mortgage to secure their payment, which the defendant, by showing that the mortgage was obtained by misrepresentation and fraud, and that there was no intention on the part of the defendant to ratify the making of said notes, and an entire want of knowledge on his part that he was doing any thing having that tendency.

This question was submitted by the court to the jury, who found for the defendant.

*A. C. Fransioli,* for the appellants.

*W. H. & D. M. Van Cott,* for the respondent.

GILBERT, J. :

We are of opinion that the court below correctly held that the notes in controversy were not within the power of attorney. That instrument is inartificial. Still the language used in granting the particular authority plainly imports a limitation of the power of the agent, to checks and notes payable at a bank in which the principal had an account, and the general language which follows does not affect that limitation. General language of that kind confers only such powers as are usual and proper for the execution of the par-

ticular authority. (*North R. Bk.* v. *Aymar*, 3 Hill, 262; *Holtsinger* v. *Nat. Corn Exch. Bk.*, 6 Abb. Pr. [N. S.], 292.)

The question of ratification was one of fact. There was sufficient evidence that no ratification was made to require the submission of that question to the jury. Nor do we perceive any error in the admission of testimony. That to which the plaintiff now objects bore more or less directly on the question of ratification, and was pertinent to show the intent and object of the defendant and his wife in executing the mortgage, which is relied upon as an act of ratification, and, also, that they were not apprised of the purpose which the plaintiff sought to accomplish thereby. Ratification depends very much upon intent. Evidence which serves to illustrate that is always competent.

Judgment and order denying new trial affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.